UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| JORGE FRANCISCO SANCHEZ, et al.,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>ESSO STANDARD OIL DE PUERTO RICO, INC.,<br><br>　　　Defendant. | Civil No. 08-2151 (JAF) |

**O R D E R**

A preliminary injunction was entered in this case on December 5, 2008. Docket Document No. 22. It was not until January 14, 2009, that Defendant Esso Standard Oil de Puerto Rico, Inc. requested by motion that Plaintiff post a $75,000 bond under Fed. R. Civ. P. 65(c). See Docket Document No. 46. The bond request is predicated upon the fact that the court has ordered Esso to pay for the comprehensive site assessment that will let the parties and the court know the extent of the documented environmental damage caused by Esso's use of the Dolores Service Station for the sale of gasoline and petroleum-based products for a good number of years.

Having examined the status of this record as of today, the court will dispense with security altogether, because the grant of the preliminary injunction carries no risk of monetary loss to the Defendant. In this case, we are talking about documented contamination occurring as a result of Esso's violation of regulatory safeguards designed to prevent environmental contamination and

Civil No. 08-2151 (JAF)                                                          -2-

pollution that adversely affect not only Plaintiff, but the general public. The only issue is the extent of the contamination and the extent of measures needed to be taken to remedy the situation. Effectively, there is no risk of monetary loss to Esso because Esso is liable as a matter of law for any contamination and environmental damage resulting while it had the service station under its direct supervision and control.

The comprehensive site assessment that has been ordered is the only way in which the court will be able to determine the extent of Esso's liability, and the cost of such studies cannot serve as the basis for a claim of probable loss or monetary loss to Esso. No material damage to Esso will result from this litigation, where the only issue seems to be the extent of the liability.  The public interest behind the correction of environmental damage is far greater than Esso's concerns for *de minimis* expenditures associated with the court's effort to fairly determine the extent of Esso's liability.

The motion for Rule 65(c) bond is **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 15th day of January, 2009.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U. S. District Judge