UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| JORGE FRANCISCO SÁNCHEZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ESSO STANDARD OIL DE PUERTO RICO, INC.,<br><br>    Defendant. | Civil No. 08-2151 (JAF) |

**O R D E R**

On December 5, 2008, we entered a preliminary injunction against Defendant Esso Standard Oil de Puerto Rico, Inc., requiring Defendant to submit names of experts in environmental damage, to propose a comprehensive site assessment at Defendant's expense, and to notify the relevant regulatory agencies of the injunction. Docket No. 22. Defendant moved for reconsideration of the injunction on December 19, 2008, Docket No. 33; we denied the motion on December 22, 2008, Docket No. 34. Defendant notified this court on January 14, 2009, that it had filed an interlocutory appeal in the First Circuit challenging the preliminary injunction and our subsequent refusal to countermand the order. Docket No. 47. On January 30, 2009, Defendant moved under Federal Rule of Civil Procedure 62(c) to stay the injunction pending the appeal, Docket No. 69; Plaintiffs opposed on February 16, 2009, Docket No. 80.

Civil No. 08-2151 (JAF)                                                      -2-

"While an appeal is pending from an interlocutory order . . . that grants . . . an injunction, the court may suspend, modify, restore, or grant an injunction on . . . terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). In ruling on a stay under Rule 62(c), we must consider

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

We believe the issuance of a stay would substantially injure Plaintiffs and frustrate the public interest. See Hilton, 481 U.S. at 776. In our order of December 5, 2008, we found that Defendant operated Plaintiffs' service station from 1982 until October 2008. Docket No. 22. In contravention of federal regulations, Defendant has, inter alia, failed to (1) report, investigate, or clean up spills from its underground gasoline storage tank; (2) take immediate action to prevent additional spills or to identify and mitigate such spills; (3) undertake an initial assessment of the affected property and surrounding groundwater; (4) consider and remedy potential lead contamination at the site from use of leaded gasoline between 1982 and 1988; (5) give notice of its cessation of operation of the service station; and (6) assess possible contamination of the public watershed of the Río Grande de Loíza. Id. For instance, initial

studies indicated that Defendant's operations have released carcinogenic benzene into the water beneath the service station at a concentration of 2,800 micrograms per liter (µg/l), an astronomical figure in comparison to the federal maximum of 5 µg/l for groundwater established by the Environmental Protection Agency. Id. Testing of subsoil beneath the station revealed the presence of Total Petroleum Hydrocarbon (TPH) at 3,290 micrograms per kilogram (µg/kg) when the maximum acceptable level established by the Environmental Quality Board of Puerto Rico is 100 µg/kg. Id. We found that Defendant has known about the discharge of hazardous materials at the station since 1993, but has only made limited effort to investigate the extent of the contamination and virtually no attempt to mitigate the potential harm to Plaintiffs and the public at large. Id.

Since our entry of preliminary injunction on December 5, 2008, Defendant has participated fully in proceedings to fashion interim measures. See Docket Nos. 38, 40. On December 22, 2008, Defendant appeared with Plaintiffs to discuss our appointment of experts to assess the environmental damage at the service station in this case. Id. On January 15, 2009, Defendant filed a joint motion with Plaintiffs proposing a course of investigations to implement a comprehensive site assessment. Docket No. 54. The instant motion, filed on January 30, 2009, appears to be a belated delay tactic employed in bad faith. Docket No. 69. It must not impede the investigations to which Defendant previously consented. See Docket

Civil No. 08-2151 (JAF)                                                                                -4-

<u>No. 54</u>. Because of the threat to Plaintiff and the general public from further delay, Defendant's motion does not meet the requirements for the issuance of a stay. <u>See</u> <u>Hilton</u>, 481 U.S. at 776.

Accordingly, we **DENY** Defendant's motion for a stay from preliminary injunction, <u>Docket No. 69</u>.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 18th day of February, 2009.

> s/José Antonio Fusté
> JOSE ANTONIO FUSTE
> Chief U.S. District Judge