|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | DISTRICT OF PUERTO RICO | |

| | |
|---|---|
| 3  JORGE FRANCISCO SÁNCHEZ and <br> 4  DOLORES SERVICE STATION AND <br> 5  AUTO PARTS, INC., <br><br> 6      Plaintiffs, <br><br> 7      v. <br><br> 8  ESSO STANDARD OIL DE PUERTO <br> 9  RICO, INC., <br>10 <br>11      Defendant. | Civil No. 08-2151 (JAF) |

12 **O R D E R**

13   Plaintiffs, Jorge Francisco-Sánchez and Dolores Service Station and Auto Parts, Inc., bring

14 this action against Defendant, Esso Standard Oil de Puerto Rico, Inc. (Docket No. 1.) Plaintiffs

15 allege violations of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901-

16 6992k. (Id.) In an amended answer, Defendant asserted a counterclaim for indemnification under

17 Puerto Rico law. (Docket No. 222.) Plaintiffs allegedly agreed to indemnify Defendant for any

18 costs and penalties incurred in litigation involving Plaintiffs' service station. (Id.) In answering

19 this counterclaim, Plaintiffs averred that this indemnification clause is prohibited by a federal

20 statute, 42 U.S.C. § 6991b(h)(6)(C)(i). (Docket No. 291.)

21   On March 10, 2010, Defendant moved for partial summary judgment on this issue under

22 Federal Rule of Civil Procedure 56.[1] (Docket No. 295.) Plaintiffs opposed (Docket No. 307), and

---

[1] We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to

Civil No. 08-2151 (JAF) -2-

Defendant replied (Docket No. 321). On March 15, Defendant filed an amended answer that repeats its allegations and claim with respect to indemnification. (Docket No. 301.) Plaintiffs followed suit by filing an answer that reiterates their defense under § 6991b(h). (Docket No. 305.)

Defendant argues that § 6991b(h)(6)(C)(i) cannot bar its claim for indemnification. (Docket No. 295.) Under that provision, no person liable under § 6991b(h) may transfer her liability to another by means of an indemnification agreement. 42 U.S.C. § 6991b(h)(6)(C)(i). However, § 6991b(h) refers to penalties imposed by federal and state authorities in enforcement actions, not costs incurred in private litigation. We, therefore, agree with Defendant that this statute does not bar Defendant's counterclaim for indemnification in the instant private civil action.

In view of the foregoing, we hereby **GRANT** Defendant's motion for partial summary judgment (Docket No. 295) to preclude Plaintiffs' resort to 42 U.S.C. § 6991b(h)(6)(C)(i).[2]

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 8th day of July, 2010.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge

---

judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The movant may request "judgment on all or part of the claim." Fed. R. Civ. P. 56(a), (b).

[2] Plaintiffs also challenge the validity of the indemnification agreement, citing a Puerto Rico decision nullifying a similar clause. (Docket No. 307.) Although Plaintiffs raised this issue as a defense (Docket No. 305), Defendant's motion does not challenge it (see Docket No. 295). We, therefore, refrain from ruling on the viability of this defense against Defendant's indemnification claim.