UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| JORGE FRANCISCO SÁNCHEZ and DOLORES SERVICE STATION AND AUTO PARTS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ESSO STANDARD OIL DE PUERTO RICO, INC.,<br><br>Defendant. | Civil No. 08-2151 (JAF) |

**OPINION AND ORDER**

Plaintiffs, Jorge Francisco Sánchez and Dolores Service Station and Auto Parts, Inc., brought an action against Defendant, Esso Standard Oil de Puerto Rico, Inc. (Docket No. 1.) Plaintiffs allege violations of 42 U.S.C. §§ 6901-6992k. (Id.) In an amended answer, Defendant impleaded Third-Party Defendants, Jorge Luis Sánchez-Sánchez, Alicia Solano-Díaz, Héctor Benito Sánchez-Gómez, and Ángel M. Sánchez-Gómez, asserting claims under federal and Puerto Rico laws. (Docket No. 301.) In response, Héctor Benito Sánchez-Gómez and Ángel M. Sánchez-Gómez (the "Brothers") counterclaimed for nuisance and in tort under Puerto Rico law. (Docket No. 350.) Defendant moves to dismiss these counterclaims for want of jurisdiction and for Defendant's failure to state a legally-cognizable claim. (Docket No. 352.) The Brothers oppose (Docket No. 354), and Defendant replies (Docket No. 363.)

# I.

## **Factual and Procedural Synopsis**

We derive these facts from the Brothers' complaint against Defendant (Docket No. 350). In addressing a motion to dismiss, we take the plaintiff's factual averments as true and draw all reasonable inferences in his favor. Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008).

Since 1984, Defendant has operated a service station located on the Brothers' commercial real estate. During this period of time, Defendant installed underground storage tanks and adjoining equipment, all owned by Defendant, to dispense petroleum products for sale. The tanks were susceptible to corrosion and Defendant did not monitor and maintain them. As a result, the tanks discharged hazardous substances underground.

In February 2003, Defendant learned from its experts that the soil surrounding the tanks, above the water table, was possibly contaminated with diesel fuel. In September 2006, Defendant hired experts to conduct further tests of the soil and groundwater near the tanks. Defendant learned that the groundwater beneath the service station is contaminated with hazardous substances, likely due to releases from the tanks and a nearby drain at the service station. Defendant did not inform the Puerto Rico Environmental Quality Board ("EQB") of its findings. Defendant took no steps to discover the full extent of the contamination, to mitigate the discharges, or to remedy the pollution. Defendant did not inform the Brothers about the contamination that Defendant discovered. Instead, Defendant tried to hide the extent of the releases and their effect on the surrounding property. Discharges from Defendant's tanks

Civil No. 08-2151 (JAF) -3-

have commingled with hazardous substances released from other sources at the service station. Because of the combined pollution, the Brothers have not tried to sell their land. The Brothers seek injunctive relief to remedy the contamination and compensatory damages for their injuries.

On October 7, 2008, Plaintiffs commenced this case in federal court. (Docket No. 1.) Defendant filed an amended answer with counterclaims and claims against Third-Party Defendants. (Docket Nos. 301; 311.) On May 7, 2010, the Brothers filed an amended answer to this third-party complaint and counterclaimed against Defendant.[1] (Docket No. 350.) On May 26, Defendant moved to dismiss the Brothers' counterclaims.[2] (Docket No. 352.) The Brothers opposed the motion (Docket No. 354), and Defendant replied (Docket No. 363).

## II.

## Standard for Dismissal

Under Federal Rule of Civil Procedure 12(b)(1), a movant may challenge the court's subject-matter jurisdiction by attacking the sufficiency of the plaintiff's averments. Valentín v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). The court takes the plaintiff's "jurisdictionally-significant facts as true" and "assess[es] whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." Id. The party asserting jurisdiction must show its existence. See Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003).

---

[1] Plaintiffs, Sánchez-Sánchez, and Solano-Díaz filed a separate answer. (Docket No. 305.)

[2] Defendant previously moved to dismiss on April 6. (Docket No. 319.) That motion is moot because it related to an earlier answer by the Brothers (Docket No. 302) that has been supplanted (Docket No. 350).

Similarly, a defendant may move to dismiss an action against him, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing this motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993). However, mere legal conclusions "are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

The complaint must demonstrate "a plausible entitlement to relief" by alleging facts that directly or inferentially support each material element of some legal claim. Gagliardi, 513 F.3d at 305 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 559) (internal quotation marks omitted).

### III.

### Analysis

Defendant argues that we lack supplemental jurisdiction over the Brothers' counterclaims and should otherwise dismiss their counterclaims for failure to state a claim upon which relief may be granted. (Docket No. 352.) We discuss these defenses in turn.

**A.     Supplemental Jurisdiction**

Defendant argues that we lack supplemental jurisdiction because the Brothers' claims are not sufficiently related to the federal question presented in Plaintiffs' complaint. (Id.)

A federal court has the competence to entertain supplemental claims under state law "that are so related to claims in the action [over which the court had] original jurisdiction [such] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). If a federal court has original jurisdiction arising from a federal question, it "must also exercise supplemental jurisdiction over asserted state-law claims that arise from the same nucleus of operative facts." Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256 (1st Cir. 1996). However, if the court dismisses the federal claim, it has discretion under § 1367(c) to decline to exercise its supplemental jurisdiction. Id. at 256-57.

In the case at bar, Plaintiffs' averments largely resemble the Brothers' allegations. (See Docket Nos. 1; 350 at 12-24.) Moreover, the harms that the Brothers allegedly suffered arise from the same course of conduct that led to Plaintiffs' complaint in this court. (See id.) The Brothers' supplemental claims under Puerto Rico law, thus, arise from a common nucleus of operative facts with Plaintiffs' claims. As we have not dismissed Plaintiffs' claims under federal law, we find no grounds to dismiss the Brothers' complaint. See Roche, 81 F.3d at 256.

**B.** **Failure to State a Claim**

We next consider whether the Brothers' non-conclusory averments sustain their counterclaims for nuisance and in tort under Puerto Rico law. (See Docket No. 350.)

**1.** **Nuisance**

Patterned after California law, Puerto Rico's private nuisance statute outlaws "[a]nything which is injurious to health, or indecent, or offensive to the senses, or an obstruction to free use

of property, so as to interfere with the comfortable enjoyment of life or property." 32 L.P.R.A. § 2761 & n. (2004). "[A]ny person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance" may sue for injunctive and monetary relief. Id.

For a private nuisance to be actionable, it must interfere with "the present usability of a person's land." Casiano-Sales v. Lozada-Torres, 91 P.R. 473, 483 (1964) (quoting Restatement of Torts § 822 (1939)); see Restatement (Second) of Torts § 821D cmt. b (1979) (defining "interest in the use and enjoyment of the land" as including "not only the interests that a person may have in the actual present use of land . . . , but also his interests in having the present use value of the land unimpaired by changes in its physical condition").

Puerto Rico courts also imply a reasonableness test into the statute, whereby the harm suffered by the plaintiff must "impos[e] a burden greater than [he] ought to be required to bear, thereby upsetting the equilibrium or balance necessary to harmonize the parties' correlative rights." Arcelay v. Sánchez, 77 P.R. 782, 790 (1955) (citing American precedents). The purpose of the test is "to find that mutuality of the benefit between the public interest and the private prejudice, that juridical equilibrium indispensable in every fair Law," so as to fashion remedies that allow for "the operation of the industrial processes which are compatible with the reasonable enjoyment of the property and personal welfare." Casiano-Sales, 91 P.R. at 481-82; see Restatement (Second) of Torts § 826 cmt. b ("[T]he unreasonableness of intentional invasions is a problem of relative values to be determined by the trier of fact in each case in the light of all the circumstances of that case.").

The Brothers allege that their real property is subject to contamination by chemicals released from Defendant's underground storage tanks. (Docket No. 350.) This contamination has allegedly caused a diminution in the market value of their land, thereby frustrating some business prospects. (Id.) At the same time, the Brothers acknowledge that they own the property on which the service station and the tanks are located. (Id.) Thus, the Brothers permitted Defendant to enter onto the land to install and supply the tanks with fuel products for the Brothers' commercial benefit. Furthermore, as owners of a property containing a service station, the Brothers may have foreseen the type of pollution alleged. However, reasonableness is a fact-bound inquiry; it suffices at this juncture that the Brothers allege that the contamination unreasonably diminishes the present value of their land. (See id.) We, thus, deny Defendant's challenge to the nuisance claim, but without prejudice to similar arguments in later proceedings.

**2.     Tort**

Under Puerto Rico law, "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." 31 L.P.R.A. § 5141 (1990). "[F]ault and negligence are faces of the same coin" in that "negligence supposes an omission producing the same effect" as fault. Gierbolini-Rivera v. Employers Fire Ins. Co., 4 P.R. Offic. Trans. 1197, 1201 (1976) (quoting 12 Manresa, Comentarios al Código Civil Español 837 (6th ed. 1973)). Negligence "'consists in the failure to exercise [the] due diligence' . . . which one can expect from . . . the good paterfamilias." Jiménez v. Pelegrina-Espinet, 12 P.R. Offic. Trans. 881, 886 (1982) (quoting C. Rogel Vide, La Responsabilidad

Civil No. 08-2151 (JAF) -8-

Civil Extracontractual 90-91 (1976)); accord CMI Capital Mkt. Inv., LLC v. González-Toro, 520 F.3d 58, 64 (1st Cir. 2008).

There must be also a sufficient causal nexus between the defendant's conduct and the resulting harm. Id. Under the theory of adequate causality, the defendant's conduct must be of the sort "that . . . ordinarily produces [the consequent injury] according to the general experience." Marital Com'y v. Jerónimo Corp., 3 P.R. Offic. Trans. 179, 186 (1974) (quoting J. Santos Briz, Derecho de Daños, in Editorial Revista de Derecho Privado 215 (1963)). There is no fault where the defendant could not have foreseen the harm caused by his conduct. Jiménez, 12 P.R. Offic. Trans. at 888.

The Brothers accuse Defendant of various omissions, including its failure to inform the Brothers of the presence of contaminants underground after the discoveries in 2003 and 2006 and its failure to mitigate further releases. (Docket No. 350 at 14-16, 21.) The Brothers also aver that Defendant purposely covered up its discoveries relating to the extent of the contamination. (Id. at 20.) According to the Brothers, Defendant's dereliction caused a loss of value in the Brothers' property; loss of business and goodwill and public stigma; and mental anguish and emotional distress. (Id. at 22.)

It remains to be seen whether the Brothers will prove that they suffered all these harms and that the injuries were the foreseeable consequence of Defendant's conduct. However, the Brothers' averments pass muster at this stage. See Gagliardi, 513 F.3d at 305. We, thus, reject

Civil No. 08-2151 (JAF) -9-

Defendant's challenge to the tort claims, but without prejudice to similar arguments in later proceedings.

## IV.

## **Conclusion**

In view of the foregoing, we hereby **DENY** Defendant's motion to dismiss (Docket No. 352). We **DENY** as **MOOT** Defendant's earlier motion to dismiss (Docket No. 319).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 2nd day of August, 2010.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge