| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| JORGE FRANCISCO SÁNCHEZ and<br>DOLORES SERVICE STATION AND<br>AUTO PARTS, INC.,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>ESSO STANDARD OIL DE PUERTO<br>RICO, INC.,<br><br>　　　　Defendant. | Civil No. 08-2151 (JAF) |

**O R D E R**

Plaintiffs, Jorge Francisco Sánchez and Dolores Service Station and Auto Parts, Inc., bring this action against Defendant, Esso Standard Oil de Puerto Rico, Inc. (Docket No. 1.) Plaintiffs allege violations of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901–6992k. (Id.) Defendant counterclaims against Plaintiffs and impleads Third-Party Defendants, Jorge Luis Sánchez-Sánchez, Alicia Solano-Díaz, Héctor Benito Sánchez-Gómez, and Ángel M. Sánchez-Gómez, seeking reimbursement under 42 U.S.C. § 9607(a) and indemnification under Puerto Rico law. (Docket No. 301.) Héctor Benito Sánchez-Gómez and Ángel M. Sánchez-Gómez (together, the "Brothers") assert counterclaims in nuisance and tort against Defendant under Puerto Rico law. (Docket No. 350.)

On May 26, 2010, Defendant filed a motion to dismiss the Brothers' counterclaims on the basis of, inter alia, lack of supplemental jurisdiction (Docket No. 352), which we denied (Docket No. 405). On June 30, Defendant presented twin motions for summary judgment on Plaintiffs' claims under RCRA (Docket No. 372) and its own claims for indemnification against Plaintiffs and Third-Party Defendants (Docket No. 369). Plaintiffs and Third-Party Defendants oppose the motions, respectively (Docket Nos. 369; 381), and Defendant replies in turn (Docket Nos. 399; 400). On July 23, Defendant moved to strike Plaintiffs' demand for jury trial. (Docket No. 393.) Plaintiffs and Third-Party Defendants oppose the motion. (Docket No. 394.)

On August 2, we held a pretrial conference in which we entertained the parties' arguments relating to Plaintiffs' right to a jury trial under RCRA and Defendant's need for additional discovery to prepare for trial on the Brothers' nuisance and tort claims. We now address (1) Defendant's pending motion against trial of the RCRA claims by jury; (2) the propriety of entertaining the Brothers' supplemental claims; and (3) Defendant's twin motions for summary judgment.

**I.**

Plaintiffs seek a trial by jury for their claims for injunctive relief and the imposition of civil penalties against Defendant under RCRA. (Docket No. 1.) Defendant argues that Plaintiffs are not entitled to a jury for either claim. (Docket No. 393.)

Under Federal Rule of Civil Procedure 39(a)(2), the federal court may reject a demand for trial by jury when "there is no federal right to a jury trial." To determine whether the

Seventh Amendment guarantees a jury in a civil trial, we engage in a two-part inquiry. Chauffeurs, Teamsters & Helpers v. Terry, 494 U.S. 558, 565 (1990). "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." Tull v. United States, 481 U.S. 412, 417 (1987). "The second inquiry is the more important in our analysis." Chauffeurs, 494 U.S. at 565.

Pursuant to RCRA, plaintiffs in citizen suits may request the court to enjoin defendants from violating RCRA and to order response actions to address such violations. 42 U.S.C. § 6972(a). Furthermore, plaintiffs may ask the court "to apply any appropriate civil penalties" under Subtitle III of RCRA.[1] Id.

Injunctions are a form of equitable relief that, standing alone, would not entitle a plaintiff to a trial by jury. See Tull, 481 U.S. at 425. We find no controlling decisions in the First Circuit, however, on the right to a jury trial for civil penalties under RCRA.

In Tull, the U.S. Supreme Court held that a defendant was entitled to a jury trial on his liability for civil penalties in an enforcement action under the Clean Water Act ("CWA"). Id. at 425. The Court held that civil penalties were traditionally imposed by courts at law, not

---

[1] At the August 2 hearing, Defendant argued that Plaintiffs do not assert violations that are subject to civil penalties. In addition to alleged violations of rules governing underground storage tanks, Plaintiffs allege that Defendant mishandled hazardous wastes as owners and operators of a waste disposal site, in violation of Subtitle III of RCRA, 42 U.S.C. § 6924. (See Docket No. 1.) Such alleged violation could be subject to an assessment of civil penalties as part of a citizen suit. See 42 U.S.C. §§ 6928(a), 6928(g), 6972(a).

courts in equity. Id. at 422-24. The Court then noted three factors in support of its conclusion that the government's desired relief was legal in nature. Id. at 424-25. First, the Court reiterated that courts in equity could not impose civil penalties. Id. at 424. Second, the injunctive relief sought by the government was modest in comparison to the sizeable civil penalty demanded. Id. Accordingly, the civil penalty was not merely incidental to a request for equitable relief. Id. Third, the Court pointed to the statutory structure, observing that the civil penalty provision was entirely distinct from the injunctive provision, such that the statute "does not intertwine equitable relief with the imposition of civil penalties." Id. at 425 (interpreting 33 U.S.C. § 1319(d) (1982) (amended 1987)). In other words, the government's claim for civil penalties constituted an action that was separable from a bill for injunctive relief. See id.

In a subsequent case, the Court found that, unlike the enforcement provisions of CWA cited in Tull, "[t]he citizen suit provision suggests a connection between injunctive relief and civil penalties that is noticeably absent from the provision authorizing agency enforcement." Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 58 (1987) (citing 33 U.S.C. § 1365(a)). The provision "does not authorize civil penalties separately from injunctive relief; rather, the two forms of relief are referred to in the same subsection, even in the same sentence." Id. The Court concluded that plaintiffs in citizen suits "may seek civil penalties only in a suit brought to enjoin or otherwise abate an ongoing violation." Id. at 59.

Even if we assume that Plaintiffs' demand for civil penalties resembles actions at common law in the eighteenth century, see Tull, 481 U.S. at 422-24, our case involves a statute

Civil No. 08-2151 (JAF)                                                                                              -5-

in which the provisions for injunctive relief and civil penalties are intertwined, cf. id. at 425. Indeed, the citizen suit provision in RCRA is analogous to the CWA provision cited in Gwaltney. See 484 U.S. at 58-59; compare 33 U.S.C. § 1365(a) (CWA) with 42 U.S.C. § 6972(a) (RCRA). Both provisions authorize the imposition of "appropriate civil penalties" as an adjunct to injunctions compelling defendants' regulatory compliance. See Gwaltney, 484 U.S. at 59; 33 U.S.C. § 1365(a); 42 U.S.C. § 6972(a). Under both statutes, the proof required for civil penalties for violations would necessarily implicate the grounds for injunctive relief. See 33 U.S.C. § 1365(a); 42 U.S.C. § 6972(a). As such, Plaintiffs' request for civil penalties is inextricably entangled with their request for injunctive relief.[2] Accordingly, we find that

---

[2] We further note that "a monetary award 'incidental to or intertwined with injunctive relief' may be equitable." Chauffeurs, Teamsters & Helpers v. Terry, 494 U.S. 558, 571 (1990) (quoting Tull v. United States, 481 U.S. 412, 424 (1987)). Pursuant to Plaintiffs' request for a preliminary injunction, Defendant has conducted tests at the site. (See Docket No. 22.) Plaintiffs seek permanent injunctions forbidding further violations and requiring Defendant to undertake site studies and to remove contaminants. (Docket No. 1 at 18.) The general thrust of Plaintiffs' complaint is to demand the cessation of alleged violations of environmental regulations. (See generally Docket No. 1.) Moreover, plaintiffs in citizen suits cannot recover civil penalties, which are paid to the government instead. See 42 U.S.C. §§ 6928(g); 6972(a). Unlike the government in Tull, private litigants do not benefit from civil penalties. See 481 U.S. at 424. Thus, Plaintiffs' complaint for injunctive remedies forms the crux of their case, and the requested civil penalties are merely incidental to their equitable claims.

Plaintiffs' suit is equitable in nature, thereby precluding Plaintiffs' demand for a jury.[3] See Chauffeurs, 494 U.S. at 564-65.

**II.**

We next consider whether we should exercise our supplemental jurisdiction over the Brothers' claims in nuisance and tort. (See Docket No. 350.) We previously found that we have supplemental jurisdiction over these claims under 28 U.S.C. § 1367(a). (Docket No. 405.) The same statute, however, permits us to decline this jurisdiction "in exceptional circumstances, [where] there are . . . compelling reasons." 28 U.S.C. § 1367(c)(4). "In making these decisions, district courts must examine the totality of the circumstances[,] . . . [which] includes . . . such issues as 'comity, judicial economy, convenience, fairness and the like.'" Chungchi Che v.

---

[3] Another judge in this court previously found that plaintiffs in citizen suits under CWA and RCRA are entitled to trial by jury for civil penalties. Marrero-Hernández v. Esso Standard Oil Co., 599 F. Supp. 2d 175, 176-77 (D.P.R. 2009) (Gelpí, J.). But see Chico Serv. Station, Inc, v. Sol P.R. Ltd., 677 F. Supp. 2d 523, 530 (D.P.R. 2009) (Fusté, J.) (holding "that citizens' actions for civil penalties under the RCRA are claims in equity"). That decision adopted the first prong of the inquiry under Tull, 481 U.S. at 422-24, finding that civil penalties resembled actions in courts at common law. See Marrero-Hernández, 599 F. Supp. 2d at 176. Because the litigants in that case did not address the second prong of the inquiry under Tull, 481 U.S. at 417, namely the nature of the relief demanded, the court had no occasion to consider whether a jury right existed in light of the plaintiffs' desired remedy. See Marrero-Hernández, 599 F. Supp. 2d at 176-78. Thus, Marrero-Hernández did not account for the different statutory structures between the provision for civil enforcement cited in Tull and the provisions for citizen suits in CWA and RCRA. See id. As we note in this opinion, civil penalties in citizen suits in CWA and RCRA are intertwined with, and ancillary to, injunctive remedies. See 33 U.S.C. § 1365 (CWA); 42 U.S.C. § 6972(a) (RCRA); Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 58 (1987). We, therefore, rely on the second prong of Tull to find that there is no entitlement to trial by jury for the RCRA claims in this case. See 481 U.S. at 417; see also Chico Serv. Station, 677 F. Supp. 2d at 530.

Mass. Bay Transp. Auth., 342 F.3d 31, 37 (1st Cir. 2003) (quoting Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 257 (1st Cir. 1996)) (internal citation omitted).

At the August 2 hearing, the parties presented arguments on the propriety of permitting the Brothers to prosecute their claims without further discovery. Although the Brothers could have brought their claims contemporaneously with Plaintiffs' complaint in October 2008 (Docket No. 1), the Brothers argue that they were not brought into this case until Defendant impleaded them in late 2009. (See Docket No. 222.)[4] In response, Defendant argues that, because the Brothers did not assert their claims until May 7, 2010 (Docket No. 350), Defendant lacked an opportunity to conduct discovery before the close of discovery on May 31, 2010 (Docket No. 280). Defendant also contends that proof of damages in nuisance and tort encompasses a broad factual inquiry that exceeds the scope of facts relevant to RCRA.

In their complaint, Plaintiffs present the instant environmental action as an urgent matter concerning public health and safety. (See Docket No. 1.) Our order for preliminary injunction adopted this sense of urgency by requiring Defendant to undertake certain interim measures pending the resolution of the case on the merits. (See Docket No. 22.)

From the arguments presented at the August 2 hearing, it appears that the Brothers had been aware of this case since inception. The Brothers are owners of the land comprising the site at issue (Docket No. 350 at 13) and could have brought their claims at an earlier stage in the

---

[4] The Brothers and co-plaintiff Jorge Francisco Sánchez appear to be siblings and co-owners of the property where the Dolores Service Station lies.

case, specially when they share common legal representation. Moreover, proof of damages in nuisance and tort would require inquiries into land value, mental state, and business conditions (see Docket No. 405) that are irrelevant to regulatory compliance under RCRA. See generally 42 U.S.C. §§ 6901–6992k. It appears from the joint pretrial order that the Brothers lack supporting evidence to quantify their alleged injuries in nuisance and tort. (See generally Docket No. 401.) Thus, the Brothers and Defendant are equally ill-prepared for trial on these claims. Permitting the Brothers to prosecute their supplemental claims, and reopening discovery at this late juncture, with trial set for August 16th, would unnecessarily delay trial on a matter of grave public concern when the Brothers can easily pursue the same claims in Commonwealth courts. Accordingly, we find exceptional circumstances to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(4).

**III.**

Due to the proximity of the upcoming trial, the issues presented in the twin motions for summary judgment would be more efficiently elucidated before the bench, inasmuch as we find factual disputes that are best settled at trial. By now, the parties should be prepared to address the same arguments in open court and they will suffer no prejudice from repeating the substance of their respective briefs. We, therefore, summarily deny both motions for summary judgment (Docket Nos. 369; 372).

Civil No. 08-2151 (JAF)                                                                                                              -9-

**IV.**

In view of the foregoing, we hereby **GRANT** Defendant's motion to strike Plaintiffs' demand for jury trial (Docket No. 393).  We **STRIKE** Plaintiffs' demand for a trial by jury on their claims under RCRA (Docket No. 1).  We **DISMISS without prejudice** the Brothers' supplemental claims against Defendant (Docket No. 350).  We **SUMMARILY DENY** Defendant's motion for summary judgment on indemnity liability (Docket No. 369) and motion for summary judgment (Docket No. 372), without prejudice to hearing the same arguments at trial.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 5th day of August, 2010.

                                                                                      s/José Antonio Fusté
                                                                                      JOSE ANTONIO FUSTE
                                                                                      Chief U.S. District Judge